IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ATTORNEY GRIEVANCE COMMISSION OF MARYLAND *
Plaintiff *
VS. * CIVIL ACTION NO. MJG-17-2550
JASON EDWARD RHEINSTEIN *
Defendant *

* * * * * * * * *

MEMORANDUM AND ORDER RE: REMAND

The Court has before it Plaintiff Attorney Grievance Commission of Maryland's Motion to Remand for Lack of Federal Jurisdiction [ECF No. 68] and the materials submitted relating thereto. The Court has held a telephonic hearing and has had the benefit of the arguments of counsel.

## I. BACKGROUND

This Court has previously granted a Motion to Remand in this case. Attorney Grievance Commission of Maryland v. Rheinstein, Civ. No. MJG-16-1591, ECF No. 30 (Mar. 17, 2017) ("First Remand Order"). Defendant alleges that the existence of new facts warrant the filing of a successive Notice of Removal.

The underlying cause of action remains the same. On February 17, 2016 the Attorney Grievance Commission of Maryland ("AGC") filed, in the Maryland Court of Appeals, a Petition for

Disciplinary of Remedial Actions against Jason Edward Rheinstein ("Rheinstein"). On February 19, 2016, the Court of Appeals of Maryland transmitted the Petition to the Circuit Court for Anne Arundel County to hold a judicial hearing pursuant to Maryland Rule 16-757.

On May 23, 2016, Rheinstein filed his first Notice of Removal, contending that this Court can exercise subject matter jurisdiction over the case under 28 U.S.C. § 1441 (federal question jurisdiction) and 28 U.S.C. § 1442 (federal officer jurisdiction). Civ. No. MJG-16-1591, ECF No. 1. AGC filed a Motion to Remand, which this court granted on March 17, 2017. In its First Remand Order, this Court found no federal jurisdiction based on a federal question, no jurisdiction based on federal officer standing, and that federal abstention principles favored a remand. Following the Order, trial was set in the Circuit Court for Anne Arundel County for September 5, 2017.

On Friday, September 1, 2017, Rheinstein filed a second Notice of Removal in this Court, contending that AGC's recent interrogatory responses and deposition testimony gave rise to new and different grounds for removal. Notice of Removal ¶ 4, ECF No. 1. The state court proceeding was stayed on September 5, 2017, the next business day.

In this instant motion, the AGC once again seeks remand for lack of federal jurisdiction.

## II. JURISDICTIONAL PRINCIPLES

The party invoking federal jurisdiction has the burden of establishing that removal is proper and that the Court has subject matter jurisdiction. Mulcahey v. Columbia Organic Chemicals Co., 29 F.3d 148, 151 (4th Cir. 1994). Removal statutes should be strictly construed, and if "federal jurisdiction is doubtful, a remand is necessary." Id. Indeed, a federal court is to "presume . . . that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." United States v. Poole, 531 F.3d 263, 274 (4th Cir. 2008) (emphasis in original).

"A successive removal petition is permitted only upon a 'relevant change of circumstances' — that is, 'when subsequent pleadings or events reveal a new and different ground for removal.'" Reyes v. Dollar Tree Stores, Inc., 781 F.3d 1185, 1188 (9th Cir. 2015) (emphasis in original). The phrase "different grounds" can mean "a different set of facts that state a new ground for removal" or "new facts in support of the same theory of removal." Cain v. CVS Pharmacy, Inc., 2009 WL 539975, at *2 (N.D.W. Va. Mar. 4, 2009).

Even if there is federal jurisdiction, federal courts must abstain from interfering in state proceedings "absent extraordinary circumstances." Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982). If an ongoing state proceeding exists, "'reinstituting the action in the federal courts' is impermissible; indeed to do so would involve a loss of time and duplication of effort." Telco Commc'ns, Inc. v. Carbaugh, 885 F.2d 1225, 1228 (4th Cir. 1989).

## III. DISCUSSION

Rheinstein has failed to establish a new and different basis for his second attempt at removal under either the federal officer or federal question doctrines. Moreover, even if the Court were to have jurisdiction, the Court would abstain and remand the case to state court so that the trial may proceed.

### A. Federal Question Jurisdiction

Under 28 U.S.C. § 1331, to determine whether federal question jurisdiction exists, a court must look to the complaint to decide whether the cause of action is created by federal or state law. Mulcahey, 29 F.3d at 151. If the cause of action is created by state law, "federal question jurisdiction depends on whether the plaintiff's demand 'necessarily depends on

resolution of a substantial question of federal law.'" Id. (emphasis in original).

This Court has already found that the instant suit presents claims arising under the Maryland Lawyer's Rules of Professional Conduct ("MLRPC"), and that the Maryland Court of Appeals is the "ultimate arbiter" of claims against attorney misconduct in the State of Maryland. First Remand Order at 3-4. The Maryland Court of Appeals "has original and complete jurisdiction over attorney discipline proceedings in Maryland." Attorney Grievance Comm'n of Maryland v. O'Leary, 433 Md. 2, 28 (2013). Thus, the cause of action is created by state law. The fact that some of Rheinstein's alleged unethical actions occurred in a number of federal cases "does not render the instant case one presenting claims based upon federal law." First Remand Order at 4.

However, Rheinstein argues that this second Notice of Removal "presents different grounds for removal" based on (1) AGC's responses to Defendant's interrogatories, and (2) AGC's corporate deposition testimony from August 7, 2017. Notice of Removal ¶¶ 4, 28, ECF No. 1.

First, Rheinstein argues that AGC's interrogatory responses show that AGC intends to litigate a federal qui tam case in state court. Specifically, AGC's response to Interrogatory No. 19 incorporates a document entitled "Petitioner's Schedule A,"

which provides a list of Averments stating details about when and how Rheinstein allegedly violated MLRPC rules. ECF No. 1-3 at 16, ECF No. 1-4. Rheinstein contends that seven of these Averments in Schedule A raise questions of federal law which render his case removable to federal court: Averment Nos. 32, 36, 54, 56, 57, 66, and 67. Def.'s Opp. to Mot. for Remand at 9, ECF No. 76.

These Averments list instances in which Rheinstein was alleged to have frivolously filed a suit in violation of MLRPC Rule 3.1.[1] For example, Averment No. 32 states that Rheinstein filed United States of America Ex rei. Charles E. Moore v. Cardinal Financial Company, L.P et al. ("Qui Tam I"), in violation of MLRPC 1.1, 3.1, 8.4(a) and 8.4(d), and Averment No. 36 states that Rheinstein filed United States of America ex rei. Charles E. Moore v. Robert S. Svehlak, et al. ("Qui Tam II"), in violation of the same provisions. Id.

Rheinstein argues that these Averments do not provide any information about the bases for ACM's allegations regarding these qui tam cases. Rather, he concludes, these Averments can only "conclusively establish" that "Plaintiff is actually making claims about the merits of those [qui tam] cases." Notice of Removal ¶ 26, ECF No. 1. Under Rheinstein's reasoning, "[a]

[1] MLRPC Rule 3.1 states that "[a]n attorney shall not bring . . . a proceeding, or assert or controvert an issue therein, unless there is a basis for doing so that is not frivolous."

claim that an action is 'frivolous' or violates MLRPC 3.1 is inherently a claim about its merits." Id. at 17 n 21. Thus, he argues that Schedule A and the response to Interrogatory No. 19 necessarily show that ACG is inappropriately attempting to litigate a federal qui tam action in state court.[2] Id. ¶ 26.

Second, Rheinstein offers corporate deposition testimony from AGC purporting to show that AGC intended to litigate the merits of a federal qui tam action in state court. Def.'s Opp. to Mot. for Remand at 12-13, ECF No. 76. Rheinstein quotes testimony in which AGC's corporate designee, when asked about the "facts" that rendered the filing of the attorney misconduct complaint, referred to the "facts as provided in the pleadings" of the Qui Tam I action. Id. at 13. Thus, Rheinstein reasons, AGC is "asserting [that] the filing of Qui Tam I violated MLRPC 3.1," and that AGC's testimony conclusively established that it is "seeking to litigate the merits of Qui Tam I because there is no way that Plaintiff can prove its claim . . . unless Qui Tam I was 'frivolous.'" Id. at 15.

Rheinstein's attempt to conflate his attorney misconduct proceeding with the underlying federal cases is improper. The Averments referenced in the interrogatory responses and Schedule A simply allege that the filing of the qui tam actions is part

---

[2] The same argument appears to apply for the remainder of the Averments at issue. ECF No. 1 at ¶ 34-42; ECF No. 76 at 9-11.

of the conduct constituting a violation of several MLPRC Rules, including the rule regarding frivolous pleadings by attorneys.

Attorney misconduct proceedings do not litigate the merits of the underlying cases that gave rise to those proceedings. Indeed, courts are able to evaluate whether a filed claim is frivolous without making a ruling on the merits of the underlying case, and without providing a remedy to the parties in that case. See, e.g., Attorney Grievance Comm'n of Maryland v. Ucheomumu, 450 Md. 675, 711 (2016) (finding a violation of MLRPC 3.1 without resolving the underlying defamation litigation); Attorney Grievance Comm'n v. Worsham, 441 Md. 105, 128 (2014) (finding a violation of MLRPC 3.1 without resolving the underlying tax litigation).

AGC argues that the Averments simply "correlate the factual allegations in the Petition with the Rules of Professional Responsibility and identify the cases[] in which violations are alleged to have occurred." Pl.'s Mem. Of Law at 6, ECF No. 68-1. Moreover, AGC argues, the Averments are presented to "establish a course of conduct by which the Respondent used the threat of lawsuits and the filing of [the] same as leverage to attempt to obtain settlement funds." Pl.'s Supp. Mem. Of Law at 5, ECF No. 70. See also Pl.'s Reply Mem. at 2-3, ECF No. 81. According to AGC, the Averments are part of a story, and allegedly show specific instances in which Rheinstein "exceeded

the bounds of zealous advocacy" by "filing multiple meritless motions, filing multiple qui tam actions . . ., threatening to sue a law firm, threatening to file a complaint with the Attorney Grievance Commission if an appeal was not dropped, repeatedly filing motions that did not comply with the Rules, accusing counsel of unethical conduct and then suing him and using coercive and offensive means in an attempt to effect a settlement."[3] Pl.'s Reply Mem. at 4, ECF No. 81.

The plain purpose of these Averments is to demonstrate the existence or pattern of attorney misconduct, not to litigate the merits of a federal qui tam action.[4] To follow Rheinstein's reasoning would mean that state courts would not be able to exercise jurisdiction over most, perhaps all, alleged attorney misconduct where the misconduct occurred in relation to proceedings in federal court.

Rheinstein also argues that his claims present a federal question because the interpretation and application of state ethical rules in federal court is a question of federal law,

---

[3] Rheinstein's argument that each of these Averments constitutes a distinct claim that should be evaluated for separate federal jurisdiction is irrelevant. ECF No. 76 at 2. The Court does not find federal jurisdiction in any of the seven Averments.

[4] Rheinstein also argues that because the Qui Tam I case is supposedly "pending," ACM's decision to bring a disciplinary proceeding prior to its conclusion is a "transgression from its own policy of abjuring involvement in on-going litigation." ECF No. 1 at ¶ 27. This argument is irrelevant to the analysis of whether a federal question exists in the instant case.

citing In Re Snyder, 472 U.S. 634, 645 (1985). But his reliance on this case is unavailing. In Re Snyder involved a federal court disciplining a lawyer under Rule 46 of the Federal Rules of Appellate Procedure – a federal court sanction. It did not involve a state attorney disciplinary agency petitioning a lawyer under the state's own professional conduct rules. The case simply states that a federal court should look to federal standards for issuing federal sanctions. It does not remove a state court's ability to rely upon its own professional responsibility rules and interpretations for disciplining its own attorneys. See Attorney Grievance Comm. v. Pak, 400 Md. 567, 600 (2007); see also Md. Rule 19-308.5 ("[A]n attorney admitted by the Court of Appeals to practice in this State is subject to the disciplinary authority of this State, regardless of where the attorney's conduct occurs.").

Finally, Rheinstein argues that with regard to the Qui Tam I and Qui Tam II cases, he has federal defenses relating to "procedural due process, substantive due process, and equal protection." Notice of Removal ¶ 46, ECF No. 1. However, "'a case may not be removed to federal court on the basis of a federal defense' . . . even if the complaint begs the assertion of the defense" and even if "the defense is the only question truly at issue in the case." Pinney v. Nokia, Inc., 402 F.3d 430, 446 (4th Cir. 2005), citing Franchise Tax Bd. of State of

Cal. v. Constr. Laborers Vacation Tr. for S. California, 463 U.S. 1, 13 (1983).

Accordingly, the Court does not have federal question jurisdiction over the instant case.

B. Federal Officer Removal

Under 28 U.S.C. § 1442(a), a "civil action or criminal prosecution" may be removed to federal court when filed against "any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office . . . ."

For reasons discussed more fully in the First Remand Order, this Court has found that it does not have federal officer jurisdiction over the instant case. First Remand Order at 5-6. In short, Rheinstein's role as a relator in the qui tam actions cannot be equated to that of a federal prosecutor or federal agent taking direction from a Government officer. Id. at 6. For the same reasons, his role in assisting a "Bankruptcy Trustee" in Bankruptcy Court is also insufficient to confer federal jurisdiction. Def.'s Opp. to Mot. for Remand at 23, ECF No. 76.

Rheinstein's attempt to revive this federal officer removal argument does not rest on a different basis for removal, nor

does it contain new facts that would now support the prior theory of removal. Cain, 2009 WL 539975, at *2 (N.D.W. Va. Mar. 4, 2009).[5]

Accordingly, the Court does not have federal question jurisdiction over the instant case.

C. Federal Abstention Principles

For reasons discussed more fully in the First Remand Order, even if this Court were found to have the ability to exercise jurisdiction over the instant case, it would abstain to exercise that jurisdiction because of the State's "extremely important interest" in "maintaining and assuring the professional conduct of the attorneys it licenses." Middlesex Cty. Ethics Comm., 457 U.S. at 433-34. So long as Rheinstein's claims can be determined in state proceedings, and "so long as there is no showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate," the federal courts should abstain.[6] Id. at 435.

[5] Rheinstein's reliance on Kolibash is unavailing. In Kolibash, the 4th Circuit held that removal to federal court in an attorney discipline proceeding was proper because it was brought against a U.S. Attorney and implicated a "colorable claim of [official] immunity." Kolibash v. Comm. on Legal Ethics of W. Virginia Bar, 872 F.2d 571, 575 (4th Cir. 1989). Kolibash does not stand for the proposition that all attorney discipline proceedings are removable to federal court.

[6] That AGC withdrew its abstention argument in the supplemental briefing does not bear on whether this Court can rely on

No extraordinary circumstances exist in this case, and no new allegations have been raised to change the Court's prior conclusion that it should abstain and remand the case. See First Remand Order at 7-8.

Indeed, the case for abstention is stronger on this second Motion to Remand because exercising jurisdiction now would involve a severe "loss of time and duplication of effort." Telco Commc'ns, Inc., 885 F.2d at 1228. Defendant's instant Notice of Removal was filed on 11:49 PM on Friday, September 1, 2017, before the Labor Day holiday. Trial was set to begin in state court the very next business day, Tuesday, September 5, 2017. To restart all proceedings in federal court on the eve of trial would result in a waste of judicial and party resources.

Accordingly, even if this Court has federal jurisdiction, this Court will apply federal abstention principles to abstain from exercising jurisdiction.

---

abstention principles to decline to exercise jurisdiction in this case, even if jurisdiction exists. ECF No. 70 at 13.

## IV. CONCLUSION

For the foregoing reasons:

1. Plaintiff Attorney Grievance Commission of Maryland's Motion to Remand for Lack of Federal Jurisdiction [ECF No. 68] is GRANTED.

2. By separate Order the Court shall remand the case to state court.

SO ORDERED, on Wednesday, September 20, 2017

/s/

Marvin J. Garbis

United States District Judge