IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND


ATTORNEY GRIEVANCE            *
COMMISSION OF MARYLAND

            Plaintiff            *

        VS.            * CIVIL ACTION NO. MJG-17-2550

JASON EDWARD RHEINSTEIN        *

           Defendant            *

*        *        *        *        *        *        *        *        *

MEMORANDUM AND ORDER DENYING EMERGENCY MOTION

The Court has before it Defendant's Emergency Motion to
Stay Remand Order Pending Filing of Notice of Appeal; or In The
Alternative, Emergency Motion for Reconsideration; or In The
Alternative; Motion for Appropriate Relief [ECF No. 89] and the
materials submitted relating thereto.  The Court has held a
telephonic hearing and has had the benefit of the arguments of
counsel.

In the Memorandum and Order Re: Remand [ECF No. 86], issued
September 20, 2017, the Court granted Plaintiff's Motion to
Remand [ECF No. 68].  The Court entered an Order Remanding Case
[ECF No. 87] to the state court on the same day.

Defendant alleges that the Court's Order Remanding Case was
erroneously issued and that appellate review is not prohibited
by 28 U.S.C. § 1447(d) because removal should have been

permitted under 28 U.S.C. § 1442 (federal officer or federal agency jurisdiction). The Court, having considered Defendant's current contentions, confirms its decision that remand is appropriate as held in the Memorandum and Order Re: Remand and, again states that even if the Court had jurisdiction, it would abstain from proceeding with the case in federal court.

Defendant's asserted precedents do not support his entitlement to have his state court attorney grievance proceedings adjudicated by the federal, rather than state, court systems.

First, Defendant cites <u>Sawyer v. Foster Wheeler LLC</u>, 860 F.3d 249 (4th Cir. 2017). <u>Sawyer</u> states that a government contractor could remove a state tort action to federal court based on the contractor's assertion that it had a colorable federal defense of government-contractor immunity. <u>Id</u>. at 256. However, Defendant's position as a relator in a <u>previous</u> <u>qui</u> <u>tam</u> action does not confer him federal jurisdiction in his <u>current</u> attorney removal proceeding case. Even though the federal officer removal statute under 28 U.S.C. § 1442 covers actions "for or relating to any act under color of such office," Defendant's participation in the <u>qui</u> <u>tam</u> proceedings was not done under color of office. And, as explained in this Court's first remand order, putting aside the question of whether a <u>qui</u> <u>tam</u> relator is analogous to a government contractor, Defendant

has not shown a colorable federal defense. Attorney Grievance
Commission of Maryland v. Rheinstein, Civ. No. MJG-16-1591, ECF
No. 30, at 5-7 (Mar. 17, 2017).

Defendant also cites U.S. ex rel. Kelly v. Boeing Co., 9
F.3d 743 (9th Cir. 1993). Boeing considered the
constitutionality of the qui tam provisions in the False Claim
Act. It has nothing to do with subject matter jurisdiction or
removal to federal court. Defendant picks a choice quote from
the part of the opinion that discusses whether a qui tam
plaintiff has standing to sue under the False Claims Act, which
is not at issue here. Def.'s Emergency Mot. ¶ 2.

Next, Defendant cites Vermont Agency of Nat. Res. v. U.S.
ex rel. Stevens, 529 U.S. 765 (2000). In Vermont Agency of Nat.
Res., a private relator attempted to bring suit in federal court
on behalf of the United States against a State under the False
Claims Act. The Supreme Court held that although a private
individual has standing to bring suit in federal court on behalf
of the United States under the False Claims Act, the Act does
not subject a State to liability in such actions. Id. at 788.
The jurisdictional question was whether a State was a "person"
for purposes of qui tam liability. This is irrelevant to the
analysis of the instant case presenting the question of whether
Rheinstein committed attorney misconduct as a Maryland-barred
lawyer.

Finally, Defendant cites Northrop Grumman Tech. Servs., Inc. v. DynCorp Int'l LLC, 2016 WL 3346349, at *1 (E.D. Va. June 16, 2016), a case in which the district court granted a plaintiff's emergency motion to stay the remand order until the appeal was resolved. On its own, the decision does not present a reason why, in this case, the Court should provide Defendant his requested delay of the state attorney grievance proceeding.

Moreover, this Court may not reconsider its ruling. See In re Lowe, 102 F.3d 731, 736 (4th Cir. 1996) ("Accordingly, we hold that a federal court loses jurisdiction over a case as soon as its order to remand the case is entered. From that point on, it cannot reconsider its ruling . . ."). The case that Defendant cites to challenge this proposition addresses an attempt to secure a more favorable state forum by using a motion for voluntary dismissal. Wingo v. State Farm Fire & Cas. Co., 2013 WL 4041477, at *1 (W.D. Mo. Aug. 8, 2013). It is entirely irrelevant.

Defendant has not explained why he has not – or at least not yet – filed an appeal from the Court's Order on the § 1442 claim of federal jurisdiction and sought promptly to have the appellate court to stay the instant case pending resolution of his appeal. Perhaps he will now do so. In any event, with the state court trial set to proceed in little over a week, this

Court does not find it appropriate to grant Defendant the delay in facing the grievance proceedings pending against him.

* * *

Accordingly, Defendant's Emergency Motion to Stay Remand Order Pending Filing of Notice of Appeal; or In The Alternative, Emergency Motion for Reconsideration; or In The Alternative; Motion for Appropriate Relief [ECF No. 89] is DENIED.

SO ORDERED, this Friday, September 22, 2017.

_____/s/_____

Marvin J. Garbis

United States District Judge